**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**QUENNEL AUGUSTA,**
**SHAWN J. FLORES,**

                                                                                                      **Case No. 17-cv-798-SMY**

        **Plaintiffs,**

    **vs.**

**EMPLOYEES OF VANDALIA CORRECTIONAL CENTER,**
**STEPHANIE WAGGONER,**
**EMPLOYEES OF IDOC**
**BRUCE RAUNER,**
**JOHN BALDWIN,**
**RANDY PFISTER,**
**CORRECTIONAL OFFICER,S**
**,**

        **Defendants.**

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. The Complaint in this case was filed by two Vandalia Correctional Center ("Vandalia") inmates: Quennel Augusta and Shawn J. Flores. Plaintiffs filed the action *pro se* pursuant to 42 U.S.C. § 1983. Plaintiffs claim that they have been subjected to unconstitutional conditions of confinement at Vandalia and at Stateville correctional centers. Together, they seek monetary damages. Both Plaintiffs have signed the Complaint.

Plaintiffs have also jointly filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) and a Motion for Recruitment of Counsel (Doc. 3). Both motions are signed by both Plaintiffs. Under the circumstances, the Court deems it necessary to address several preliminary matters before completing a review of this case pursuant to 28 U.S.C. § 1915A.

1

## Group Litigation in Federal Courts

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." That said, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decisions pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21 and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

Additionally, in reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* <u>In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually</u>.

The Court noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are 2 plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be double what it would be if there was a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. A prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the Complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, the plaintiffs will be liable for another full filing fee for each new case. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007). The Seventh Circuit in *Owens v. Godinez*, 860 F.3d 434 (7th Cir. 2017), recently issued strong encouragement to district courts to enforce the directive of George. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner pro se litigants face in joint pro se litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers all Plaintiffs, other than Plaintiff Pippins, whom it designates as the "lead" Plaintiff in this case,[1] an opportunity to withdraw from this litigation before the case progresses further. Each Plaintiff may wish to take into consideration the following points in making his decision::

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

---

[1] Plaintiff Pippins is designated as the "lead" Plaintiff in this case because, to date, he is the only individual to have filed a motion for leave to proceed *in forma pauperis*.

3

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[2]

In addition, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion or other document filed on behalf of multiple plaintiffs must be signed by each of the Plaintiffs. As long as Plaintiffs appear without counsel in this action, each Plaintiff must sign all documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[3] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

### Obligation to Pay the Filing Fee

In the instant case, both Plaintiffs have signed the Complaint and the two pending motions. Additionally, the Complaint includes affidavits signed by each Plaintiff and grievances submitted by each Plaintiff. These factors suggest that both Plaintiffs intended to pursue a civil

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

[3] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

rights action in this Court. Accordingly, neither Plaintiff can avoid the obligation to pay an individual filing fee for this action.[4] Thus, whether the action is dismissed, severed, or allowed to proceed as a group complaint, each Plaintiff will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[5]

However, prior to completing a preliminary review of the Complaint, the Court will allow each Plaintiff to clarify whether he wishes to pursue his claims as a group action or proceed individually.

**Disposition**

**IT IS HEREBY ORDERED** that **SHAWN J. FLORES** and **QUENNEL AUGUSTA** shall advise the Court in writing **on or before September 28, 2017** whether he wishes to continue as a Plaintiff in this group action. If either Plaintiff wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing, and his claims shall be severed into a new action.

**IT IS FURTHER ORDERED** that a filing fee *will* be assessed for each Plaintiff, regardless of whether this action is dismissed, severed, or allowed to proceed as a group complaint.

**IT IS FURTHER ORDERED** that any Plaintiff who does not timely respond to this order will be considered a Plaintiff in this action. At that time, the Court will proceed as described above, and each Plaintiff still a party to this action shall be held accountable for all

---

[4] The filing fee was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464 (7th Cir. 1998).

[5] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

consequences explained above.

The Clerk is **DIRECTED** to send a copy of this order to each of the named Plaintiffs.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants. As soon as this review is completed, a copy of the Court's order will be forwarded to each Plaintiff who remains in the action.

In addition, Plaintiffs are again **WARNED** that group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 1, 2017**

s/ STACI M. YANDLE  
United States District Judge