IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

QUENNEL AUGUSTA, and
SHAWN J. FLORES,

                Case No. 17-cv-798-SMY

  Plaintiffs,

 vs.

EMPLOYEES OF VANDALIA CORRECTIONAL CENTER,
STEPHANIE WAGGONER,
EMPLOYEES OF IDOC,
BRUCE RAUNER,
JOHN BALDWIN,
RANDY PFISTER, and
CORRECTIONAL OFFICER,S
,

  Defendants.

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

 The Complaint in this case (Doc. 1) was filed by two Vandalia Correctional Center ("Vandalia") inmates: Quennel Augusta and Shawn J. Flores. Plaintiffs filed the action *pro se* pursuant to 42 U.S.C. § 1983, claiming that they have been subjected to unconstitutional conditions of confinement at Vandalia and at Stateville Correctional Center ("Stateville"). This matter is now before the Court for case management. The Court must address matters pertaining to its prior *Boribourne* Order (Doc. 5) and a second civil rights action filed by Augusta (Case No. 3:17-cv-919-MJR). Hereinafter, the Court shall refer to the above captioned action as the "instant action" and to Augusta's second civil rights action as the "knee injury action."

### Second Civil Rights Action - "Knee Injury Action"

On August 28, 2017, Augusta, as the only named plaintiff, filed a second civil rights action involving an injury to his knee that occurred at Vandalia on August 18, 2017. Specifically, he alleges that he and other inmates were forced to move property boxes in an unsafe manner and that he fell on thick, hard metal as a result (Doc. 1, pp. 1-2). The metal punctured his skin to the bone. *Id.* The injury was extremely painful, required stitches and resulted in permanent damage to his leg. *Id.* In connection with these claims, Augusta seeks monetary relief against "Vandalia Correctional Center," the only named defendant. In addition, Augusta requested that the claims relating to his injured knee be accepted as an "Add on Complaint." (Doc. 1, p. 2).

> Augusta's request regarding the "Add on Complaint" triggered the following text order:
>
> On August 28, 2017, Plaintiff filed a 4-page handwritten document that he identifies as a "Complaint." (Doc. 1). In it, Plaintiff claims that he was injured while loading a trailer at Vandalia Correctional Center on August 18, 2017. He seeks monetary relief against the prison. Plaintiff did not prepay the $400.00 filing fee for a new action or file a Motion for Leave to Proceed in forma pauperis ("IFP Motion"). Until he does so, the Court will not screen his Complaint. With that said, it is not clear that Plaintiff intended to file a new case. He specifically asks that the Complaint be accepted as an "Add on Complaint" in another pending case without identifying the case. (Doc. 1, p. 2). The Court located a multi-plaintiff case involving the same plaintiff, i.e., Augusta et al. v. Employees of Vandalia Corr. Ctr., et al., No. 17-cv-798-SMY (S.D. Ill. filed July 26, 2017) (prior case). If Plaintiff intended to "add" this claim to his prior case, he should file an amended complaint in Case No. 17-798-SMY because courts generally reject piecemeal amendments. He is warned that an amended complaint must stand on its own because it supersedes and replaces the original Complaint, rendering it void. Regardless of his intentions, Plaintiff is hereby ORDERED to notify this Court in writing on or before October 2, 2017 of his intention to either proceed with the new claim in this case (No. 17-cv-919-MJR) or in his prior case (No. 17-cv-798-SMY).

(17-cv-919-MJR Doc. 3) ("Knee Injury Order").

**Boribourne Order**

On September 1, 2017 – one day after entry of the Knee Injury Order – the Court issued its initial order in the instant action. (Doc. 5). The Court warned Plaintiffs of the risks and costs associated with pursuing their claims together in a single action ("*Boribourne* Order"). *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). Plaintiffs were directed to consider these issues and to advise the Court, on or before September 28, 2017, whether they wished to proceed together in group litigation. (Doc. 5).

**Responsive Pleadings**

The Knee Injury Order and the *Boribourne* Order prompted Augusta to submit several pleadings. (knee injury action Docs. 7, 8 and 9; instant Action Docs. 9, 10 and 11). The caption and/or content of the pleadings indicate that they are relevant to both of Augusta's pending actions. Accordingly, the Clerk of the Court docketed identical copies of each pleading in the both actions.

The Court has carefully reviewed the relevant pleadings. Although some of Augusta's requests and allegations are confusing, reviewing the docket in both actions as a whole, the Court is able to discern the following:

- The claims in the Instant Action relate to conditions of confinement at Vandalia and at Stateville. (Instant Action Doc. 1).

- The claims in the Knee injury action relate to a knee injury that occurred at Vandalia after the instant action was filed. (Knee injury action Doc. 1).

- Presently, the Instant Action and the Knee injury action do not involve the same defendants[1] and do not appear to arise from the same the same transaction, occurrence, or series of transactions or occurrences. (Instant Action Doc. 1; Knee injury action Doc. 1).

---

[1] The present action names IDOC employees, Vandalia employees, Stateville employees and Governor Bruce Rauner. (Instant Action Doc. 1). The Knee Injury Action names Vandalia Correctional Center as the only defendant. (Knee Injury Action Doc. 1).

- Augusta no longer wants to pursue a joint action with Flores. (Instant Action Doc. 9).

- If possible, Augusta would like to "add" his knee injury claim to the Instant Action. (Instant Action Docs. 10 and 11).

To date, Flores has not filed any pleadings in response to or connection with the Court's *Boribourne* Order.

## Discussion

*Severance of Flores and Augusta*

In response to the *Boribourne* Order, Augusta indicates that he wants to proceed with his claims separately from Flores. Flores has not responded. Consistent with the *Boribourne* Order, the Court construes Flores' lack of response as an indication that he wishes to pursue the instant litigation.[2] However, because Augusta has indicated that he wants to pursue his claims separately, the claims asserted by Flores will be severed into a new case, given a new case number and assessed a separate filing fee. Augusta will proceed with his claims in the instant action.

*Joinder of claims Asserted in Knee injury action*

Augusta has requested that the Court combine his knee injury claims and his conditions of confinement claims into a single action, and he seeks leave to file an amended complaint. (Instant Case Docs. 10 and 11). The request shall be denied. Augusta's knee injury claims are directed against a different defendant, arose after the instant action was filed and do not appear to involve the same transaction or occurrence. As such, joinder of the claims in the instant action and the knee injury action is not proper. *See* FED. R. CIV. P. 18; FED. R. CIV. P. 20; *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

---

[2] As the Court explained in its *Boribourne* Order, both Plaintiffs signed the Complaint. Thus, both Plaintiffs incurred a filing fee at the time the Instant Action was filed. (Doc. 5, p. 5). The Court further ordered that any Plaintiff who failed to respond to the *Boribourne* Order would be considered a Plaintiff in the Instant Action. *Id.*

**Disposition**

*Severance*

**IT IS ORDERED** that the claims asserted by **FLORES** shall be severed into a new case against Defendants **EMPLOYEES OF VANDALIA CORRECTIONAL CENTER, STEPHANIE WAGGONER, EMPLOYEES OF IDOC, BRUCE RAUNER, JOHN BALDWIN, RANDY PFISTER,** and **CORRECTIONAL OFFICERS**.

*Newly Severed Case – Plaintiff Shawn J. Flores*

The newly severed case shall be captioned: **SHAWN J. FLORES**, Plaintiff, vs. **EMPLOYEES OF VANDALIA CORRECTIONAL CENTER** (Correctional Officers)**, STEPHANIE WAGGONER (Warden), EMPLOYEES OF IDOC, BRUCE RAUNER (Governor), JOHN BALDWIN** (Acting Director of IDOC)**, RANDY PFISTER** (Warden)**,** and **CORRECTIONAL OFFICERS** (Stateville CC), Defendants.

The Clerk is **DIRECTED** to file the following documents in the new case:

(1) This Memorandum and Order;
(2) The Complaint (Doc. 1);
(3) The Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2); and
(4) The Motion for Recruitment of Counsel (Doc. 3);

Flores will be responsible for a $400.00[3] filing fee in the new case. The claims in the newly severed case are subject to review under 28 U.S.C. § 1915A after the new case number and judge assignment are made. No service shall be ordered on the defendants in the severed case until the § 1915A review is completed. That case is also subject to further severance, should the Court determine, as the case proceeds, that **FLORES** has improperly joined parties and/or

---

[3] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees—District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

claims in the newly severed case.

*The Instant Case – Plaintiff Quennel Augusta*

**IT IS ORDERED** that **AUGUSTA** shall pursue his claims separately from **FLORES**. In this respect only, **AUGUSTA'S** Motion at Doc. 9 is **GRANTED**. The Motion is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that in accordance with the Order of Severance, the Clerk of the Court is **DIRECTED** to terminate **FLORES** as a plaintiff in the Instant Action.

This case shall now be captioned: **QUENNEL AUGUSTA,** Plaintiff, vs. **EMPLOYEES OF VANDALIA CORRECTIONAL CENTER** (Correctional Officers)**, STEPHANIE WAGGONER (Warden), EMPLOYEES OF IDOC, BRUCE RAUNER (Governor), JOHN BALDWIN** (Acting Director of IDOC)**, RANDY PFISTER (**Warden)**,** and **CORRECTIONAL OFFICERS** (Stateville CC), Defendants.

**IT IS FURTHER ORDERED** that **AUGUSTA'S** motions to file an amended complaint (Docs. 10 and 11) are **GRANTED** in part and **DENIED** in part. To the extent that **AUGUSTA** seeks to combine his Knee injury action with the Instant Action, the motions are **DENIED**. However, Augusta will be granted leave to file an amended complaint in the instant action.

Augusta should label the pleading, "First Amended Complaint," and use the case number for *this* action (17-cv-798-SMY). The First Amended Complaint must be filed on or before October 31, 2017. Augusta should be the only Plaintiff in the First Amended Complaint and the First Amended Complaint should not include any claims pertaining to Augusta's knee injury. The amended complaint shall present each claim in a separate count, and each count shall specify, by name, each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his

case in chronological order, inserting each Defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits and include only related claims in the First Amended Complaint. <u>Claims against different defendants that are found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed</u>.

To ensure compliance with this Order, the Clerk is **DIRECTED** to send Augusta a blank civil rights complaint form for use is preparing the First Amended Complaint. The Court strongly recommends that Augusta use the form. The First Amended Complaint will supersede and replace the original complaint, rending it void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider.

Should Augusta fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with an order of the Court and/or for failure to prosecute. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the dismissal shall count as one of that Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Finally, Augusta is advised that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order

will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 3, 2017**

<u>**s/ STACI M. YANDLE**</u>

**United States District Judge**