IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

QUENNEL AUGUSTA,
K81797

      Plaintiff,

  vs.                                      Case No. 17-cv-798-SMY

EMPLOYEES OF VANDALIA
CORRECTIONAL CENTER,
STEPHANIE WAGGONER,
EMPLOYEES OF IDOC,
BRUCE RAUNER,
JOHN BALDWIN,
RANDY PFISTER, and
EMPLOYEES OF STATEVILLE
CORRECTIONAL CENTER,

      Defendants.

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

The Original Complaint in this case (Doc. 1) was filed by two Vandalia Correctional Center ("Vandalia") inmates: Quennel Augusta and Shawn J. Flores. Plaintiffs filed the action *pro se* pursuant to 42 U.S.C. § 1983, claiming that they have been subjected to unconstitutional conditions of confinement at Vandalia and at Stateville Correctional Center ("Stateville"). On September 1, 2017, the Court entered an Order pursuant to *Boribourne v. Berge*, 391 F.3d 852 (7th Cir. 2004). (Doc. 5). On October 4, 2017, consistent with the *Boribourne* Order and Plaintiffs' responses (or failure to respond), Plaintiff Flores's claims were severed into a new action (17-cv-1071-NJR) and Plaintiff Augusta was granted leave to file an amended complaint. (Doc. 152).

On October 24, 2017, Plaintiff Augusta filed an Amended Complaint (Doc. 15) and a Motion to Request Advice (Doc. 16). On November 1, 2017, he filed a "Motion for Instant Action" (Doc. 17), which the Court construes as a Motion for a Temporary Restraining Order.

This case is now before the Court for a preliminary review of the Amended Complaint (Doc. 15) pursuant to 28 U.S.C. § 1915A and to address Plaintiff's Motion to Request Advice (Doc. 16) and Motion for Instant Action (Doc. 17).

## **Applicable Standards**

Section 1915A provides as follows:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Complaint must also comply with Rule 8 of the Federal Rules of Civil Procedure which requires that a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than bare legal conclusions and a formulaic recitation of the elements of a cause of action. *Id*; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8...demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (conclusory statements and labels are insufficient). A complaint must, at a minimum, give the defendant fair notice of what the claim is and the grounds upon which it rests; and the factual allegations must raise a right to relief above the speculative level. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009).

After fully considering the relevant allegations in Plaintiff's Amended Complaint, the Court concludes that this action is subject to summary dismissal.

### The Amended Complaint

Plaintiff asserts a litany of complaints about the conditions at Vandalia including: broken toilets and faucets (Doc. 15, p. 7); an outbreak of scabies somewhere in the prison (Doc. 15, p. 7); inadequate heat and/or air conditioning (Doc. 15, pp. 7-9); dirty bug infested mattresses (Doc. 15, pp. 5,7); failure to give certain inmates working outside cold drinking water ("work camp" inmates receive ice water, but "uphill" inmates do not receive ice water) (Doc. 15, p. 9); the microwave and phones are located in the bathrooms, there is no antibacterial soap (Doc. 15, pp. 5, 11); cleaning supplies are inadequate (Doc. 15, pp. 5-7, 11); and inmates are not receiving

3

enough juice (Doc. 15, p. 14). Plaintiff generally alleges that Vandalia is not a safe prison. For instance, he is concerned about whether the correctional officers, many of whom are female and outnumbered, are capable of protecting inmates in the event of a fight. (Doc. 15, pp. 13-14). He has also witnessed many fights, involving both correctional officers and inmates. *Id.* Plaintiff is concerned that inmates, including mentally ill inmates, are allowed to use razors to shave because these razors could be used as weapons. (Doc. 15, p. 8). He claims that his life is in danger, but does not identify any specific threat to his safety (Doc. 15, pp. 8-10). Instead, he describes general concerns about safety issues at Vandalia. Plaintiff also alleges that employees have been tampering with his mail by opening it without his permission. (Doc. 15, p. 9).

With regard to the above allegations, it is often unclear whether Plaintiff has been personally subjected to the complained of conditions or if he is generally describing conditions he has observed or otherwise become aware of at Vandalia. Also, although some of the allegations are directed against "employees of Vandalia" or "employees of IDOC," most of the claims are not associated with any particular defendant.

Plaintiff does direct a few specific allegations against a correctional officer identified as McHaffrey. (Doc. 15, pp. 10-12). For instance, he claims that McHaffrey denied him lunch on one occasion because Plaintiff was running late and also denied him a shower on one occasion. *Id.* McHaffrey, however, is not named as a defendant in this action. Accordingly, any claims directed against him shall be disregarded. *See Myles v. United States,* 416 F.3d 551 (7th Cir. 2005).

## Discussion

Before addressing the specific allegations in Plaintiff's Complaint, the Court finds it appropriate to eliminate certain defendants from the case at the outset. Plaintiff has named

4

several categories of individuals as defendants, including "Employees of Vandalia Correctional Center," "Employees of IDOC" and "Employees of Stateville Correctional Center." These groups of individuals are not appropriate defendants and must be dismissed.

To state a § 1983 claim against an individual or entity, a plaintiff must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Here, Plaintiff has attempted to implicate an amorphous collection of unnamed individuals in connection with his allegations. This is insufficient to state a claim. Therefore, "Employees of Vandalia Correctional Center," "Employees of IDOC" and Employees of Stateville Correctional Center will be dismissed from this action with prejudice. However, the dismissal is without prejudice as to specific individuals who are employees of these entities being named as defendants in an amended pleading.

The remaining defendants, Stephanie Waggoner (warden), Bruce Rauner (governor), John Baldwin (IDOC director) and Randy Pfister (warden) will also be dismissed. Other than Waggoner, these individuals are identified as defendants in the case caption and/or list of defendants, but are not referenced in the body of the Complaint. Merely naming a party in the caption of a complaint is not sufficient to state a claim against him or her. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, Plaintiff's failure to assert a specific act of wrongdoing as to these individuals does not satisfy the personal involvement requirement necessary for § 1983 liability. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("to recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). Waggoner is referenced in the body of the Complaint as the individual who is responsible for inmate safety at Vandalia. (Doc. 15, p. 7). However, she is not subject to liability merely because she is a supervisor. *Ashcroft v. Iqbal*, 556 U.S. 662, 676

(2009). For these reasons, Waggoner, Rauner, Baldwin and Pfister shall be dismissed from this action without prejudice.

Plaintiff's Complaint asserts numerous claims that are not associated with any particular defendant. This, standing alone, is grounds for dismissing the Complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (plaintiffs must make allegations that associate specific defendants with specific claims, so the defendants are put on notice of the claims brought against them and so they can properly answer the complaint). However, even if Plaintiff had associated his claims with a specific defendant, the Complaint would still be subject to dismissal. Plaintiff complains of various conditions at Vandalia, but it is not entirely clear which of the complained of conditions, if any, have actually affected Plaintiff. Additionally, many of the allegations are conclusory and/or simply do not suggest the deprivation of a constitutional right. Finally, with respect to Plaintiff's Eighth Amendment claims, the Complaint is devoid of any allegations suggesting that officials have acted with deliberate indifference to the complained of conditions. Plaintiff merely alleges that certain objectionable conditions exist.

Without more information, the Complaint (1) fails to comply with Rule 8 because it does not provide defendants with fair notice of what Plaintiff's claims are and the grounds upon which his claims rest and (2) fails to state a claim upon which relief can be granted. As such, the Complaint shall be **DISMISSED** without prejudice and with leave to amend.

### Motion for Instant Action

Plaintiff has filed a "Motion for Instant Action" (Doc. 157). In the motion, Plaintiff requests "protected custody" from Vandalia employees. (Doc. 157, p. 1). He claims that Officer Smith insisted on searching his legal mail for contraband. (Doc. 157, pp. 1-2). When Plaintiff refused to allow Smith to search his mail (Plaintiff wanted to conduct the search himself), he was

escorted to segregation. *Id.* Plaintiff further claims that when Smith placed him in segregation, he twisted Plaintiff's arm, causing his shoulder to hurt. (Doc. 157, p. 2). Plaintiff remained in segregation for approximately a day. *Id.* Plaintiff complained to the warden and the warden told him to write her a letter. *Id.* Plaintiff contends that writing a letter will not prevent correctional officers from beating him. *Id.* Therefore, Plaintiff asks the Court to immediately transfer him to another prison. *Id.*

The Court construes Plaintiff's motion as a Motion for a Temporary Restraining Order ("TRO"). The Federal Rules allow issuance of a TRO only if specific facts in an affidavit or verified complaint show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. FED. R. CIV. P. 65(b)(1). To obtain a TRO, Plaintiff must demonstrate that: (1) he is reasonably likely to succeed on the merits, (2) there is no adequate remedy at law, (3) if the injunction is not granted he will suffer irreparable harm, (4) the irreparable harm he will suffer outweighs the harm to the defendants if the injunction is granted, (5) and the injunction will not harm the public interest. *Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

To the extent that Plaintiff is seeking a TRO based on his legal mail being opened and searched, he has failed to make a clear showing that he is reasonably likely to succeed on the merits. First, the Amended Complaint, which barely references issues pertaining to Plaintiff's mail, is being dismissed without prejudice for failure to state a claim upon which relief can be granted. Second, although a prisoner's rights may be violated when legal mail is opened outside of his presence, prison officials may inspect *all* mail for contraband. *Wolff v. McDonnell*, 418 U.S. 539, 575-77 (1974); *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). Here, Plaintiff objects because Smith, in Plaintiff's presence, insisted on checking Plaintiff's mail for

contraband. This allegation, standing alone, does not suggest a violation of Plaintiff's constitutional rights. With respect to the inspection of Plaintiff's legal mail for contraband, there is no indication that irreparable harm will result if a TRO is not issued.

Plaintiff has also failed to make a clear showing of irreparable harm with regard to his claim that submitting a letter to the warden will not prevent correctional officers from beating him. His generalized fear (that he could suffer some sort of harm at the hands of correctional officers) appears to be speculative at best. Plaintiff has not identified any specific, immediate threat to his safety and mere speculation is not enough. Thus, Plaintiff has not established that he is entitled to a TRO and his Motion for Instant Action (Doc. 17) is **DENIED** without prejudice.

### Request for Legal Advice

Plaintiff has filed a Request for Legal Advice (Doc. 16), asking the Court to give him information about tampering with mail. As the Court is barred from giving litigants legal advice, the motion must be **DENIED**. If Plaintiff wishes to assert a claim pertaining to this issue, he may do so if and when he files his Second Amended Complaint.

### Motion for Recruitment of Counsel

The dismissal of the Complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.[1] When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds

---

[1] There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question...is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff has not provided sufficient information for the Court to determine if he has made *reasonable* attempts to obtain counsel on his own. Accordingly, the Court cannot discern if the first requirement has been met. As to the second inquiry, Plaintiff states that he has some high school education. This, standing alone, does not suggest Plaintiff is unable to coherently present his claims to the Court. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff to focus his allegations, describe how his rights have been violated, and identify who violated his rights. Plaintiff alone has knowledge of these facts. No legal training or knowledge is required to set them down on paper, and there is presently no indication that Plaintiff's mental status prevents him from relaying these facts.

Thus, recruitment of counsel is not warranted at this time, and the Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. The Court will remain open to appointing counsel as the case progresses.

## Disposition

**IT IS HEREBY ORDERED** that the **COMPLAINT** is **DISMISSED** without prejudice for failure to comply with Rule 8 and for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Employees of Vandalia Correctional Center, Employees of IDOC, and Employees of Stateville Correctional Center are **DISMISSED** from this action with prejudice. The Clerk of Court is **DIRECTED** to terminate these groups of individuals as parties in CM/ECF.

**IT IS FURTHER ORDERED** that **WAGGONER, RAUNER, BALDWIN,** and **PFISTER** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief can be granted. The Clerk of Court is **DIRECTED** to terminate these individuals as parties in CM/ECF.

As all defendants have been dismissed from this action, the Clerk of Court is **DIRECTED** to modify the case caption as follows: **QUENNEL AUGUSTA, Plaintiff v. UNKNOWN PARTY, Defendant.**

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Second Amended Complaint within 28 days of the entry of this order (on or before **December 4, 2017**). Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-798-SMY). The pleading should focus **on claims that pertain to Plaintiff** as opposed to

generalized conditions at Vandalia. Further, the pleading shall present each claim in a separate count, and each count shall specify, *by name or Doe designation*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. <u>Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed</u>.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[2] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

---

[2] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: November 6, 2017**

s/ STACI M. YANDLE
**United States District Judge**
