IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

QUENNEL AUGUSTA,
K81797,

        Plaintiff,

  vs.                                 Case No. 17-cv-798-SMY

STEPHANIE WAGGONER,
JOHN BALDWIN,
RANDY PFISTER,
C/O MAHAFFEY,
ANGELA SCHWAGI,
C/O ROLLING, and
C/O BERG,

        Defendants.

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

## OVERVIEW

The Original Complaint in this case (Doc. 1) was filed *pro se* by Quennel Augusta and Shawn J. Flores pursuant to 42 U.S.C. § 1983, claiming that they were subjected to unconstitutional conditions of confinement at Vandalia Correctional Center ("Vandalia") and Stateville Correctional Center ("Stateville"). On September 1, 2017, the Court entered an Order pursuant to *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). (Doc. 5). On October 4, 2017, consistent with the *Boriboune* Order and Plaintiffs' responses (or failure to respond), the claims of Plaintiff Flores were severed into a new action (17-cv-1071-NJR) and Plaintiff Augusta was granted leave to file an amended complaint in this action. (Doc. 12).

Augusta's First Amended Complaint was dismissed without prejudice and with leave to amend on November 6, 2017. (Doc. 18). On November 27, 2017, Augusta filed his Second

1

Amended Complaint (Doc. 19) and notified the Court of his transfer to Jacksonville Correctional Center ("Jacksonville"). The Second Amended Complaint includes a litany of complaints pertaining to Augusta's prior incarcerations at Vandalia (Doc. 19, pp. 5-11, 15) and Stateville (Doc. 19, pp. 12-13), where he was housed for a period of time in 2016. The allegations can be roughly divided into four sets of claims: (1) Eighth Amendment claims related to Vandalia and directed against Waggoner (Vandalia's Warden), Baldwin (IDOC's Director) and unspecified staff at Vandalia; (2) Eighth Amendment claims related to the denial of meals at Vandalia and directed against Mahaffey (Correctional Officer) and Berg (Correctional Officer); (3) Fourteenth Amendment claims pertaining to the opening of legal mail at Vandalia and directed against Schwagi (Mailroom Staff Member); and (4) Eighth and Fourteenth Amendment claims pertaining to Stateville and directed against Randy Pfister (Stateville's Warden), Rolling (Correctional Officer) and unspecified staff at Stateville.

## PRELIMINARY REVIEW AND SEVERANCE

The Second Amended Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## THE SECOND AMENDED COMPLAINT

### Vandalia – Claims Directed Against Baldwin and Waggoner

Augusta generally claims that Vandalia is an "insufficient" facility. (Doc. 19, p. 9). In support of this claim, he describes the following cell conditions: (1) urine, rust stained and bug

2

infested mattress; (2) extremely cold temperatures; (3) mattress located in close vicinity to the bathroom, exposing Augusta to unsanitary conditions; and (4) lack of cleaning supplies. (Doc. 19, pp. 5-7, 10). Augusta also complains about the following conditions: (1) certain areas of the prison do not have working water fountains, which meant there was a lack of "proper cold drinking water" and Augusta had to use the water fountain in the chapel; (2) there are birds in the cafeteria; and (3) inmates, who are not licensed food service workers, are allowed to cook in the kitchen, in violation of state law. (Doc. 19, pp. 5, 7-8, 13). Augusta also alleges that his health and safety were at risk while housed at Vandalia because Vandalia lacked security cameras, inmates were allowed to keep razors in their personal effects and because he was exposed to inmates with scabies. (Doc. 19, pp. 6-8, 10-11).

Augusta associates these claims with Defendants Waggoner, Baldwin and unspecified Vandalia employees. However, the references to Waggoner and Baldwin throughout the Second Amended Complaint do not specify how these defendants were personally involved in the alleged violations. Instead, the Complaint suggests that these individuals are subject to liability because they maintain supervisory positions and should have known about the complained of conditions. (Doc. 19, pp. 5-11).

Augusta also claims that Waggoner violated his Eighth Amendment rights when she allowed her employees to strip search him in the gym in front of 80 other inmates. (Doc. 19, p. 15). Augusta alleges that this occurred twice in one month. *Id*. He also alleges that during the strip searches, other inmates stared at him and made comments about his penis and underwear. *Id*. This left Augusta feeling humiliated, angry, depressed and ashamed. *Id*.

Finally, Augusta alleges that Waggoner and Waggoner's employees do not follow the proper procedures with regard to handling grievances. (Doc. 19, p. 8).

### Vandalia – Claims Directed Against Mahaffey and Berg

Augusta alleges that Officer Mahaffey and Officer Berg have denied Augusta and other inmates' meals. (Doc. 19, p. 7). And as a result, Augusta and the other inmates had "to starve." *Id.*

### Vandalia – Claims Directed Against Schwagi

Augusta alleges that Angela Schwagi has opened Augusta's legal mail outside of his presence. (Doc. 19, p. 7).

### Stateville – Claims Directed Against Pfister and Rolling

Augusta was housed at Stateville Correctional Center in 2016. (Doc. 19, p. 12). He alleges that while at Stateville, he was denied the opportunity to leave his cell for one hour per day. *Id.* Augusta asserts that this violated his constitutional rights and state correctional rules. *Id.* He associates this claim with Defendant Pfister (Stateville's Warden) and Pfister's employees. *Id.* However, Augusta does not specify how Pfister or any specific employee was personally involved in this alleged constitutional deprivation.

While at Stateville, Augusta was in the I-Unit for approximately two weeks. *Id.* He claims that the cell he was housed in was unsanitary. *Id.* Specifically, Augusta alleges that the toilet was stained with urine and feces and "employees" denied him cleaning supplies. *Id.*

Augusta also complains about Defendant Rolling, a Correctional Officer at Stateville. According to the Second Amended Complaint, Augusta asked Rolling for an ink pen so he could write a grievance regarding Rolling's behavior, but Rolling refused his request for a pen. *Id.* Augusta asserts that this refusal violated his rights and interfered with his ability to submit a grievance. *Id.* He also claims that Pfister is subject to liability in connection with this incident

for establishing a policy that prohibits new inmates from receiving ink pens. *Id*.

Augusta also alleges that he and other inmates were only allowed to shower once a week, in violation of his Eighth Amendment rights. (Doc. 19, p. 13). In connection with this claim, Augusta identifies Pfister and his employees. *Id*. However, once again, he fails to explain how Pfister (or any specific employee) was personally responsible for this alleged violation.

## DISCUSSION

The Court must first address a preliminary matter. In the First Amended Complaint, Augusta named several groups of individuals as defendants, including Employees of Vandalia Correctional Center, Employees of IDOC, and Employees of Stateville Correctional Center. In reviewing the First Amended Complaint, the Court explained that these groups of individuals are not appropriate defendants and dismissed them from the action with prejudice.

Although Augusta has not attempted to name these groups of individuals as defendants in the Second Amended Complaint, he often directs allegations against unspecified groups of people (e.g., Vandalia employees, Stateville employees, Waggoner's employees). Such allegations are insufficient. As the Court has previously explained, Augusta must identify a particular individual (not block groups of individuals) who allegedly deprived him of his constitutional rights.

Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a specific defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. *See*

5

*Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).[1]  Accordingly, any claims directed at groups of individuals, such as Vandalia employees or Stateville employees, fail to state a claim and are dismissed without prejudice.

Turning now to the threshold review, based on the allegations of the Second Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

### Vandalia – Claims Directed Against Baldwin and Waggoner

**Count 1 –** Eighth Amendment claim against Baldwin and Waggoner for subjecting Augusta to unconstitutional conditions of confinement, including an unsanitary and bug infested mattress, cold cell temperatures, inadequate cleaning supplies, unsanitary cafeteria conditions, and broken water fountains/inadequate cold drinking water.

**Count 2 –** Eighth Amendment claim against Baldwin and Waggoner for exhibiting deliberate indifference to the serious risk that Augusta could contract a disease from being housed in close quarters with inmates who suffered from scabies.

**Count 3 –** Eighth Amendment claim against Baldwin and Waggoner for exhibiting deliberate indifference to the serious risk that Augusta could be harmed from being housed in a facility that allows inmates to possess razors and lacks security cameras.

**Count 4 –** Eighth Amendment claim against Waggoner for allowing prison staff to strip search Augusta, in front of other inmates, on two occasions.

**Count 5 –** Fourteenth Amendment claim against Waggoner for mishandling grievances.

---

[1] Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing FED.R.CIV.P. 4(e)-(j)).

### Vandalia – Claims Directed Against Mahaffey and Berg

Count 6 –    Eighth Amendment claim against Mahaffey and Berg for denying Augusta meals on unspecified occasions.

### Vandalia – Claims Directed Against Schwagi

Count 7 –    First and/or Fourteenth Amendment claim against Schwagi for opening Augusta's legal mail outside of his presence.

### Stateville – Claims Directed Against Pfister and Rolling

Count 8 –    Eighth Amendment claim against Pfister for denying Augusta the opportunity to leave his cell for one hour per day.

Count 9 –    Eighth Amendment claim against Pfister for leaving Augusta in an unsanitary cell in the I-Unit for approximately two weeks.

Count 10 –   Fourteenth Amendment claim against Pfister and Rolling for denying Augusta access to a pen, interfering with his ability to file grievances.

Count 11 –   Eighth Amendment claim against Pfister for only allowing Augusta to shower once a week.

### IMPROPER JOINDER AND SEVERANCE

The Complaint may be subject to severance by this Court. The Court retains authority to sever unrelated claims against different defendants into one or more additional lawsuits for which the plaintiff will be assessed a filing fee. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In *George*, the Seventh Circuit emphasized that the practice of severance is important, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *Id*. The Seventh Circuit strongly encourages district courts to use severance when faced with an omnibus or scattershot complaint, *Owens v. Evans*, -- F.3d --, 2017 WL 6728884, *1 (7th Cir. Dec. 28, 2017), and discourages courts from allowing a prisoner "to flout the rules for joining

claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). In a misjoinder situation, severance may occur before preliminary review, allowing the district court to create multiple suits, which can then be separately screened. *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012).

Augusta has asserted four distinct sets of claims in the Second Amended Complaint: (1) Vandalia claims directed against Baldwin and Waggoner (Counts 1 through 5); (2) Vandalia claims directed against Mahaffey and Berg (Count 6); (3) Vandalia claims directed against Schwagi (Count 7); and (4) Stateville claims directed against Pfister and Rolling (Counts 8-11). These four sets of claims are not properly joined under Rules 18 and 20 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 18, 20; *Owens v. Evans*, -- F.3d --, 2017 WL 6728884, *1 (7th Cir. Dec. 28, 2017). The claims are not transactionally related, involve different defendants and do not belong together in a single action.[2] Accordingly, the Court exercises its authority under Rule 21 and severs the improperly joined claims. Specifically, the Court will sever the Vandalia claims directed against Mahaffey and Berg (Count 6), the Vandalia claims directed against Schwagi (Count 7) and the Stateville claims directed against Pfister and Rolling (Counts 8-11) into three separate actions. These three separate actions will have newly assigned case

---

[2] Federal Rule of Civil Procedure 20 does not allow Plaintiff to include separate claims against different defendants or sets of defendants in the same lawsuit. The rule prohibits a plaintiff from joining many defendants in a single action unless the plaintiff asserts at least one claim for relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007). Although Federal Rule of Civil Procedure 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only *after* the plaintiff has satisfied Rule 20's requirements for joinder of parties. *Intercon Research Assn., Ltd. v. Dresser Ind., Inc*., 696 F.2d 53, 57 (7th Cir.1983) (quoting 7 Charles Alan Wright, Federal Practice & Procedure). This means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18.

numbers and shall be assessed filing fees. The severed cases shall undergo preliminary review pursuant to § 1915A after the new case numbers and judge assignments have been made.

The Vandalia claims directed against Baldwin and Waggoner (Counts 1 through 5), which appear at least tenuously to be appropriately joined under Rules 20 and 18, shall remain in this action. These Counts shall receive preliminary review in a separate order, filed contemporaneously herewith.

## ADDITIONAL REQUESTS FOR RELIEF

The allegations in the Second Amended Complaint include two requests directed at the Court. First, Augusta asks the Court to order certain discovery with respect to his Stateville claims (Counts 8 -11). (Doc. 19, pp. 12-13). Such a request is premature, *see* Fed. R. Civ. P. 34, 37, and it is therefore **DENIED** without prejudice. A schedule regarding discovery shall be established by the U.S. Magistrate Judge, in due course, if Augusta's Stateville claims survive preliminary review under § 1915A.

Second, Augusta asks the Court to treat exhibits (grievances pertaining to the lack of cold drinking water and a witness affidavit) attached to the First Amended Complaint as being part of Augusta's Second Amended Complaint. (Doc. 19, p. 14). Augusta claims that he lost the exhibits and was unable to file them with the Second Amended Complaint. This request is **DENIED**. As the Court has previously explained, it will not accept piecemeal amendments. This request appears to relate to Augusta's claims in Counts 1-5, which will undergo preliminary review in a separate order. The Court will further address this request in that order.

## DISPOSITION

### Severance

**IT IS HEREBY ORDERED** that **COUNT 6** (Vandalia claims directed against

9

Mahaffey and Berg) **is SEVERED** into a new case against **C/O MAHAFFEY** and **C/O BERG**.

**IT IS FURTHER ORDERED** that **COUNT 7** (Vandalia claims directed against Schwagi) **is SEVERED** into a new case against **ANGELA SCHWAGI**.

**IT IS FURTHER ORDERED** that **COUNTS 8** through **11** (Stateville claims directed against Pfister and Rolling) **are SEVERED** into a new case against **RANDY PFISTER** and **C/O ROLLING**.

**IT IS FURTHER ORDERED** that the <u>**only claims remaining in this action, are COUNTS 1 through 5**</u> (Vandalia Claims directed against Baldwin and Waggoner)**.** The Clerk of the Court is **DIRECTED** to terminate **Defendants C/O MAHAFFEY, C/O BERG, ANGELA SCHWAGI, RANDY PFISTER,** and **C/O ROLLING** as parties to *this* action.

### Newly Severed Cases

The claims in the newly severed cases shall be subject to screening pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment is made. In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Second Amended Complaint (Doc. 19); and
- Augusta's motion to proceed *in forma pauperis* (Doc. 2)

Augusta **will be responsible for an additional $350 filing fee** in the newly severed cases.[3] No service shall be ordered in the severed cases until the § 1915A review is completed.

### Merits Review of Counts 1 -5

These Counts shall receive preliminary review in a separate order, filed contemporaneously herewith.

---

[3] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, unless pauper status is granted.

**IT IS SO ORDERED.**

**DATED: April 10, 2018**

                                                                                   s/ STACI M. YANDLE
                                                                                  **United States District Court**