# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

QUENNEL AUGUSTA,
K81797

        **Plaintiff,**

    **vs.**                                       **Case No. 17-cv-798-SMY**

STEPHANIE WAGGONER, and
JOHN BALDWIN,

        **Defendants.**

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Quennel Augusta, an inmate currently housed at Jacksonville Correctional Center ("Jacksonville"), filed this *pro se* action pursuant to 42 U.S.C. § 1983. Following the Court's Severance Order filed contemporaneously herewith, the claims remaining in this action are Counts 1 through 5 (Vandalia Claims Directed Against Baldwin and Waggoner), designated as follows:

**Count 1 –**     Eighth Amendment claim against Baldwin and Waggoner for subjecting Plaintiff to unconstitutional conditions of confinement, including an unsanitary and bug infested mattress, cold cell temperatures, inadequate cleaning supplies, unsanitary cafeteria conditions, and broken water fountains/inadequate cold drinking water.

**Count 2 –**     Eighth Amendment claim against Baldwin and Waggoner for exhibiting deliberate indifference to the serious risk that Plaintiff could contract a disease from being housed in close quarters with inmates who suffered from scabies.

**Count 3 –**     Eighth Amendment claim against Baldwin and Waggoner for exhibiting deliberate indifference to the serious risk that Plaintiff could be harmed from being housed in a facility that allows inmates to possess razors and lacks security cameras.

**Count 4 –** Eighth Amendment claim against Waggoner for allowing prison staff to strip search Plaintiff, in front of other inmates, on two occasions.

**Count 5 –** Fourteenth Amendment claim against Waggoner for mishandling grievances.

## Merits Review

The Second Amended Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

After fully considering the allegations in the Second Amended Complaint, the Court concludes that Plaintiff has failed to state an actionable claim against any of the named defendants. Therefore, the Second Amended Complaint will be dismissed, with leave to amend.

## Count 1

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety —may violate the Eighth Amendment. *Rhodes*, 452 U.S. at 346. In order to prevail on a conditions-of-confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). Thus, to survive preliminary review, the Second Amended Complaint must contain allegations suggesting that:

(1) the subject condition, viewed objectively, was sufficiently serious; and (2) Defendants acted with subjective deliberate indifference towards the condition. *Board v. Farnham*, 394 F.3d 469, 479–80 (7th Cir. 2005); *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001).

Regarding the first element, prison conditions may be "harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The Eighth Amendment "does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans." *Carroll v. DeTella*, 255 F.3d 470, 472–73 (7th Cir. 2001). Rather, "extreme deprivations are required to make out a conditions-of-confinement claim." *Turner v. Miller*, 301 F.3d 599, 603 (7th Cir. 2002). Plaintiff must show that the alleged deprivations, viewed objectively, are so serious as to amount to the denial of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

With respect to the second element, "deliberate indifference" means "subjective awareness." *Riccardo v. Rausch*, 375 F.3d 521, 526 (7th Cir. 2004). The relevant inquiry is whether Defendants "actually *knew* about [Plaintiff's] condition, not whether a reasonable official should have known." *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (emphasis added). Deliberate indifference "is more than negligence and approaches intentional wrongdoing." *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998)). Plaintiff must allege that Defendants "acted with the equivalent of criminal recklessness." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) (quoting *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006)). *See also McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013) (explaining that "[d]eliberate indifference is

more than negligence and approaches intentional wrongdoing," and that "[t]o establish deliberate indifference, [the plaintiff] must meet essentially a criminal recklessness standard, that is, ignoring a known risk.") (internal quotations omitted).

Some of the conditions described by Plaintiff (e.g., pest infestations in Plaintiff's cell and in the cafeteria, an unsanitary mattress, lack of cleaning supplies and cold cell temperatures) may objectively be serious enough to indicate violations of the Eighth Amendment.[1] *See* e.g., *Gray v. Hardy,* 826 F.3d 1000, 1006 (7th Cir. 2016) (insect infestation along with lack of cleaning supplies and broken window in cell); (*Budd v. Motley*, 711 F.3d 840, 842-43 (7th Cir. 2013) (considering combined effect of conditions); *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008) (prolonged pest infestation); *Vinning-El v. Long*, 482 F.3d 923, 923-25 (7th Cir. 2007); *Dixon v. Godinez,* 114 F.3d 640, 642-44 (7th Cir. 1997) (cold cell temperatures). Nevertheless, Count 1 is subject to dismissal because unless a defendant was put on notice of the risk, he or she cannot be found to be deliberately indifferent to any threat Plaintiff faced. Plaintiff does not allege that he made Waggoner or Baldwin aware of the risks to his health presented by these conditions. In fact, Plaintiff describes no contact with these defendants. He merely suggests that both defendants are subject to liability because they must have been aware of the complained of conditions and/or because they maintain supervisory positions. This is insufficient to state a claim against them.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated

---

[1] However, Plaintiff's claims pertaining to broken water fountains (causing Plaintiff to locate cold drinking water at the prison chapel), without more, state no claim. *See Daugherty v. Harrington,* No. 3:14-CV-876-DGW, 2017 WL 4284543, at *5 (S.D. Ill. Sept. 27, 2017), as corrected (Sept. 28, 2017) (although lack of cold drinking water for a short period of time may have been inconvenient, it is not sufficiently serious to support an Eighth Amendment claim). Additionally, the fact that "unlicensed" inmates serve food, which allegedly violates state law, does not state a claim. *See Thompson v. City of Chicago,* 472 F.3d 444, 454 (7th Cir. 2006) (violation of department procedure or state law is immaterial to whether actions violated federal constitutional right).

in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). As such, a supervisor will not incur liability for an Eighth Amendment violation committed by another employee unless his or her knowledge of the alleged unconstitutional conduct rises to the level of "deliberate, reckless indifference," indicating s/he has purposefully ignored the misconduct of his/her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")). *See also Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner stated a claim against warden and grievance officials who had actual knowledge of his serious medical condition and inadequate care through his "coherent and highly detailed grievances and other correspondences," yet failed to intervene). None of the factual allegations in the Second Amended Complaint indicates that Waggoner or Baldwin was personally responsible for the alleged deprivation of constitutional rights. For these reasons, Count 1 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Counts 2 and 3

Counts 2 and 3 fail for the same reason as Count 1. Assuming without deciding that Counts 2 and 3 involve objectively serious conditions, Plaintiff does not specify how Waggoner or Baldwin were personally involved in the alleged violations. Instead, he suggests that they are subject to liability because they maintain supervisory positions and should have known about the complained of conditions. For reasons previously discussed, this is insufficient.

Accordingly, Counts 2 and 3 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 4

Strip searches of inmates that are not related to legitimate security needs, or are conducted in a harassing manner in order to humiliate and inflict psychological pain, may be found unconstitutional under the Eighth Amendment. *Mays v. Springborn*, 719 F.3d 631, 634, (7th Cir. 2013) (group of inmates were strip searched together, gratuitously exposing prisoners' nude bodies to each other, while guards uttered demeaning comments); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (a strip search conducted in a harassing manner intended to humiliate and inflict psychological pain could violate the Eighth Amendment); *see also Meriwether v. Faulkner*, 821 F.2d 408 (7th Cir. 1987) (allegation of calculated harassment by strip searches stated Eighth Amendment claim), cert. denied, 484 U.S. 935 (1987).

The allegations in Plaintiff's Second Amended Complaint do not suggest that the strip searches referred to were conducted in an unconstitutional manner. Plaintiff claims that other *inmates* made inappropriate comments when he was being strip searched (on two occasions). However, he does not describe any harassing, humiliating, or demeaning comments or behavior on the part of any *prison staff*. Moreover, the allegations do not indicate that the search was performed with the intent to degrade Plaintiff, or that it was unnecessary in light of legitimate security concerns.

Plaintiff challenges two strip searches that occurred in the gym in the presence of approximately 80 other inmates. He objects to the fact that the searches were in plain view of other prisoners and were not conducted in a private location. But a search of several inmates together is not unconstitutional in and of itself. "[A] prisoner's expectation of privacy is

extremely limited in light of the overriding need to maintain institutional order and security." *Meriwether v. Faulkner*, 821 F.2d 408, 418 (7th Cir.1987) (citing *Bell*, 441 U.S. at 537).

"There is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners, but not every psychological discomfort a prisoner endures amounts to a constitutional violation." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). The strip search complained of in *Mays v. Springborn* involved allegations that the plaintiff had been subjected to daily strip searches in view of other inmates in a "freezing" basement room, by guards who wore dirty latex gloves and who made demeaning comments to the prisoners. *See Mays*, 719 F.3d 631, 634 (7th Cir. 2013); *Mays*, 575 F.3d 643, 649 (7th Cir. 2009). In contrast to that case, Plaintiff does not describe any circumstances suggesting that any member of the prison staff intended to humiliate him by searching him in view of other inmates. Without more, Plaintiff has not alleged that he was subjected to cruel and unusual punishment.

Accordingly, Count 4 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Count 5

Finally, Plaintiff claims that Waggoner and her employees do not follow protocol when handling inmate grievances. This allegation does not state a colorable claim. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause" of the Fourteenth Amendment. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir.2011) (citations omitted). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, standing alone, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich*, 681 F.2d 1091, 1100–01 (7th Cir. 1982).

Accordingly, Count 5 will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Request Pertaining to Exhibits**

As noted in the Severance Order, filed contemporaneously herewith, Plaintiff asked the Court to treat certain exhibits (grievances pertaining to the lack of cold drinking water and a witness affidavit) attached to the First Amended Complaint as being part of Plaintiff's Second Amended Complaint. (Doc. 19, p. 14). Plaintiff claims that he lost the exhibits and was unable to file them with the Second Amended Complaint. This request was **DENIED**. However, in order to assist Plaintiff with filing these exhibits with his Third Amended Complaint (if he so chooses), the Court **DIRECTS** the Clerk of the Court to mail Plaintiff a copy of his First Amended Complaint (including all exhibits) (Doc. 15) and his Second Amended Complaint (including all exhibits) (Doc. 19).

**Disposition**

**IT IS HEREBY ORDERED** that the **SECOND AMENDED COMPLAINT** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted as to **COUNTS 1** through **4** and with prejudice for failure to state a claim upon which relief may be granted as to **COUNT 5**.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Third Amended Complaint within 28 days of the entry of this order (on or before **May 8, 2018**). Should Plaintiff fail to file his Third Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*,

34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a Third Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Third Amended Complaint," and he should use the case number for this action (i.e. 17-cv-798-SMY). The pleading shall present each claim in a separate count, and each count shall specify, *by name or Doe designation*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. The Court reminds Plaintiff that supervisory officials, such as Baldwin and Waggoner, are not subject to liability merely because they maintain supervisory positions. In order to bring a claim against Baldwin, Waggoner or any other official at Vandalia, Plaintiff must describe how that individual was personally involved in the alleged constitutional violations.

Plaintiff's Third Amended Complaint is limited to asserting claims related to the Eighth Amendment claims at issue in Counts 1 through 4. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the Third Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Third Amended Complaint. The Third Amended Complaint is subject to review pursuant to 28 U.S.C.

§ 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the Third Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[2] remains due and payable, regardless of whether Plaintiff elects to file a Third Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: April 10, 2018**

s/ STACI M. YANDLE
**United States District Court**

---

[2] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.