IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

QUENNEL AUGUSTA,
K81797

        Plaintiff,

vs.                                                   Case No. 17-cv-798-SMY

STEPHANIE WAGGONER,
JOHN BALDWIN, and
BRUCE RAUNER,

        Defendants.

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

        Plaintiff Quennel Augusta, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Jacksonville Correctional Center, brings this *pro se* action pursuant to 42 U.S.C. § 1983. The Third Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Third Amended Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## Background

        The original Complaint (Doc. 1) asserted claims on behalf of Augusta and a co-plaintiff related to unconstitutional conditions of confinement at Vandalia Correctional Center ("Vandalia") and Stateville Correctional Center ("Stateville"). On October 4, 2017, the co-plaintiff's claims were severed into a new action (17-cv-1071-NJR), and Augusta was granted

leave to file an amended complaint. (Doc. 12). The Court, however, denied Augusta's request to consolidate this action with claims Augusta was pursuing in a later filed civil rights action (Case No. 17-cv-919-MJR). That case involved a knee injury that occurred at Vandalia when Waggoner directed Augusta to assist other inmates to load property boxes onto a trailer on a rainy day. *Id.* Augusta filed his First Amended Complaint (Doc. 15) on October 24, 2017. After conducting a preliminary review pursuant to Section 1915A, the Court dismissed the Amended Complaint without prejudice and with leave to amend. (Doc. 18).

Augusta filed his Second Amended Complaint (Doc. 19) on November 27, 2017. Based on the allegations of the Second Amended Complaint, the Court designated eleven Counts and severed improperly joined claims into new actions. (Doc. 21). Following severance, only Counts 1-5 (Vandalia Claims directed against Waggoner and Baldwin) remained in the instant action. (Doc. 21). However, Counts 1-5 did not survive preliminary review pursuant to Section 1915A, and Augusta was granted leave to file a Third Amended Complaint.

## **The Third Amended Complaint**

Augusta makes the following allegations in the Third Amended Complaint: From May 2017 through November 2017, Augusta was subjected to the following unconstitutional conditions of confinement at Vandalia: (1) living quarters that were infested with scabies and bugs; (2) extreme temperatures in the summer and winter; (3) a mattress infested with bugs that crawled on him as he slept; (4) inadequate cleaning supplies; (5) a cafeteria and food service area infested with bugs and birds; (6) sleeping on a mattress that was in the bathroom; (7) inoperable drinking fountains; and (8) no access to cold drinking water (Doc. 24, pp. 6-10).

Additionally, as he has done in the past, Augusta includes a number of allegations pertaining to safety issues at Vandalia (Doc. 24, pp. 7-10). For instance, he is concerned that

2

inmates are allowed to use razors to shave because razors can be used as weapons. (Doc. 24, p. 7). He also objects to the lack of security cameras, fights between inmates, and being housed with "crazy mental[ly] ill inmates" and gang members, among other things. (Doc. 24, p. 9).

Finally, Augusta attempts to bring claims pertaining to the following: (1) being subjected to an allegedly unconstitutional strip search on two occasions (Doc. 24, pp. 7-8, 10); (2) an inadequate grievance process (Doc. 24, p. 8); and (3) Waggoner directing him to load property boxes onto a trailer on a rainy day, resulting in a knee injury. (Doc. 24, pp. 10-11).

## Dismissal of Baldwin and Rauner

As an initial matter, Augusta seeks to bring claims against IDOC Director Baldwin and Governor Bruce Rauner based on *respondeat superior* liability. (Doc. 24, pp. 2-5). But the doctrine of *respondeat superior* does not apply to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Instead, to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Augusta sets forth no allegations suggesting that either of these defendants was personally responsible for the alleged deprivation of his constitutional rights.[1] Accordingly, Defendants Baldwin and Rauner must be dismissed without prejudice from the Third Amended Complaint.

## Designation of Counts

To reflect the allegations in the Third Amended Complaint, the Court has modified the Counts as designated below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The

---

[1] Additionally, allegations that Baldwin, Rauner, and/or Waggoner violated Illinois law with respect to maintaining and/or inspecting Illinois prisons (Doc. 24, pp. 2-4, 8) state no claim. *See Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001) ("A violation of a state statute is not a per se violation of the federal Constitution. The federal government is not the enforcer of state law.").

designation of these counts does not constitute an opinion regarding their merit. Any other claim that is mentioned in the Third Amended Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

    **Count 1 –**    Eighth Amendment claim against Waggoner for subjecting Augusta to unconstitutional conditions of confinement, including unsanitary and bug infested living quarters, cold and/or hot cell temperatures, inadequate cleaning supplies, unsanitary cafeteria conditions, and broken water fountains and/or inadequate cold drinking water.

    **Count 2 –**    Eighth Amendment claim against Waggoner for exhibiting deliberate indifference to the serious risk that Augusta could be harmed from being housed in a facility with numerous safety hazards.

    **Count 3 –**    Eighth Amendment claim against Waggoner for subjecting Augusta to dangerous conditions of confinement by directing him to load property boxes onto a trailer on a rainy day, resulting in a knee injury.

    **Count 4 –**    Eighth Amendment claim against Waggoner for allowing prison staff to strip search Augusta, in front of other inmates, on two occasions.

    **Count 5 –**    Fourteenth Amendment claim against Waggoner for mishandling grievances.

## Count 1

Some of the conditions described by Augusta (e.g., pest infestations in his cell and in the cafeteria, an unsanitary mattress, lack of cleaning supplies and extreme cell temperatures) are objectively serious enough to indicate possible violations of the Eighth Amendment. *See* e.g., *Gray v. Hardy*, 826 F.3d 1000, 1006 (7th Cir. 2016) (insect infestation along with lack of cleaning supplies and broken window in cell); (*Budd v. Motley*, 711 F.3d 840, 842-43 (7th Cir. 2013) (considering combined effect of conditions); *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008) (prolonged pest infestation); *Vinning-El v. Long*, 482 F.3d 923, 923-25 (7th Cir. 2007); *Dixon v. Godinez*, 114 F.3d 640, 642-44 (7th Cir. 1997) (cold cell temperatures). Augusta also

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

alleges that Waggoner was aware of these conditions, but failed to take action to remedy the same. (Doc. 24, pp. 7-8). Accordingly, Count 1 will receive further review as to Waggoner.

**Count 2**

Augusta's generalized allegations regarding unsafe conditions at Vandalia (e.g., inmates having access to razor blades, inmate fighting, and exposure to inmates who are mentally ill and/or gang members) are subject to dismissal. First, it is not clear which of the complained of conditions, if any, have actually affected Augusta. Additionally, the allegations are conclusory and/or do not suggest the deprivation of a constitutional right. Finally, with respect to these conditions, the Third Amended Complaint is devoid of any allegations suggesting that Waggoner acted with deliberate indifference. Augusta merely alleges that certain objectionable conditions exist. Accordingly, Count 2 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 3**

Count 3 is duplicative of Plaintiff's Eighth Amendment claim, designated as Count 1, in *Augusta v. Waggoner,* Case No. 17-cv-1099-MJR, which was dismissed from that action with prejudice (*Augusta v. Waggoner,* Case No. 17-cv-1099-MJR (Doc. 19)). More specifically, Count 3 is based on the same factual underpinning and legal theory and is directed against the same defendant.[3] Thus, Augusta cannot revive or maintain the claim in this case, and Count 3 will be dismissed with prejudice.

**Count 4**

In Count 4, Augusta attempts to revive the Eighth Amendment strip search claims that were dismissed without prejudice from the Second Amended Complaint (also designated as

---

[3] Count 1 in *Augusta v. Waggoner,* Case No. 17-cv-1099-MJR was directed against Waggoner, John Doe, John Baldwin, and Bruce Rauner.

Count 4 in that pleading). However, he does not include any additional allegations in support of these claims. Therefore, the basis for the Court's previous dismissal of this claim (see Doc. 22) applies equally herein, and is incorporated by reference to dismiss Count 4 without prejudice for failure to state a claim upon which relief may be granted.

**Count 5**

Augusta also seeks to revive his claims pertaining to an inadequate and/or flawed grievance process, which were dismissed with prejudice from the Second Amended Complaint (also designated as Count 5 in that pleading). These claims will be dismissed from the Third Amended Complaint for the same reasons. Accordingly, Count 5 is dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Pending Motion**

Augusta's Motion to Produce (Doc. 27) is **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition.

**Disposition**

**IT IS HEREBY ORDERED** that **RAUNER and BALDWIN** are **DISMISSED** from the Third Amended Complaint without prejudice. The Clerk of the Court is **DIRECTED** to terminate them as defendants in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that **COUNT 1** shall receive further review as to **WAGGONER.**

**IT IS FURTHER ORDERED** that **COUNTS 2** and **4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNTS 3** and **5** are dismissed with prejudice.

**IT IS FURTHER ORDERED** that, with respect to **COUNT 1**, the Clerk of Court shall prepare for **WAGGONER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Third Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with his current work address, or, if not known, his last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings, including Plaintiff's Motion to Produce (Doc. 27). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact

that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 13, 2018**

s/ STACI M. YANDLE
**United States District Judge**